UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

STARR INTERNATIONAL COMPANY, INC.

                Plaintiff,

       -against-

AMERICAN INTERNATIONAL GROUP, INC.

                Defendant.

-----------------------------------------------------------X

**05 CV 6283**

**COMPLAINT**

**Jury Trial Demanded**

RECEIVED JUL 0 8 2005 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff Starr International Company, Inc. ("Starr International"), alleges, for its complaint, with knowledge as to its own actions and events occurring in its presence, and upon information and belief as to all other matters, as follows:

### Summary of the Action

1.     This action arises from the unlawful holding and conversion by defendant American International Group, Inc. ("AIG") of fine art, business records, and other property (the "Starr Property") undisputedly owned by Starr International. Starr International has repeatedly demanded return of this property. Although AIG has not disputed that the Starr Property is owned by Starr International, AIG has refused to return the property to Starr International.

2.     Although Starr International owns approximately 12% of the outstanding common stock of AIG, AIG does not own Starr International stock; Starr International is not an affiliate of AIG; and Starr International is not controlled by AIG. AIG has no right to, or interest in, Starr International or its property.

3. Starr International for a number of years has maintained its corporate offices in AIG buildings in Bermuda and, more recently, in the Republic of Ireland. During the course of the relationship between Starr International and AIG, certain of the Starr Property, including an art collection that Starr International acquired, was held and displayed (at no cost to AIG) in AIG buildings. Starr International has moved its offices out of AIG buildings and is attempting to remove its property to its new facilities.

4. Starr International representatives have repeatedly requested that AIG release the property that belongs to Starr International.

5. AIG possesses a detailed inventory of Starr International's art collection and has been advised of the nature of the other property that Starr International seeks to remove from AIG buildings. There is no legal basis for AIG's continued withholding of the Starr Property. AIG's actions constitute an unlawful conversion, and Starr International is entitled to replevin the Starr Property.

**The Parties**

6. Starr International was incorporated under the laws of Panama in 1943. Starr International is a privately held company with a permit to operate in Bermuda under the Bermuda Companies Act of 1981. It maintains offices in Bermuda and Ireland.

7. Defendant AIG is a Delaware corporation with its principal place of business at 70 Pine Street, New York, New York.

**Jurisdiction And Venue**

8. Jurisdiction is proper in this court pursuant to diversity jurisdiction, 28 U.S.C. § 1332, because the plaintiff corporation is a Panamanian corporation that maintains offices in Bermuda and Ireland, the defendant is a Delaware corporation with

its principal place of business in New York, and the amount in controversy exceeds $75,000.00.

9.  Venue is proper in this district pursuant to 28 U.S.C § 1391(a)(1) because defendant AIG's principal place of business is in New York, New York.

## Background

10.  Starr International is a privately-held company. All shares of Starr International voting stock are owned, in equal proportions, by twelve voting shareholders of Starr International, each of whom owns ten voting shares.

11.  All shares of non-voting common stock of Starr International are owned by the Starr International Charitable Trust (Ireland), an Irish charitable trust.

12.  Until March 2005, Starr International's offices in Bermuda were maintained in the AIG Building at 29 Richmond Road, Hamilton pursuant to an agreement between Starr International and an AIG subsidiary. Starr International also maintains an office in Dublin, Ireland which, until March 2005, was located in another AIG building, AIG Centre in Dublin, pursuant to a separate agreement between Starr International and an AIG subsidiary.

13.  On March 24, 2005, Starr International learned that AIG representatives in Dublin, Ireland seized a computer and an office key from Margaret Barnes, a Starr International employee in Ireland who worked in Starr International's office at AIG Centre.

14.  Also on March 24, 2005, officers of Starr International in Bermuda witnessed AIG representatives removing original files belonging to non-AIG companies from the AIG Building at 29 Richmond Road. AIG's representatives removed those files

3

without the knowledge or consent of the boards, shareholders or officers of such non-AIG companies.

15.   As a result of these activities, on March 25, 2005, Starr International secured certain of its files in the AIG Building in Bermuda by boxing and sealing them, and relocating them to a secure, 24-hour guarded facility accessible only to Starr International's outside attorneys. Starr International also leased new office space in Bermuda and Ireland, from which it now conducts its business.

16.   Starr International was not able to secure all property belonging to it from the buildings controlled by AIG and its representatives, including the AIG Building in Bermuda. Before Starr International could secure all of the property that it rightfully owns, AIG and its representatives barred Starr International's access to the Starr Property located in buildings controlled by AIG.

17.   Starr International's art collection, valued at over $15,000,000, remains in AIG buildings in locations including New York, Vermont, Washington, D.C., Pennsylvania and the Philippines. Although AIG maintains a detailed photographic inventory of certain of the Starr International art collection that identifies Starr International as the owner of the collection, AIG has refused to allow Starr International to remove the Starr International collection from AIG buildings.

18.   As a result, AIG at this time is unlawfully in possession of the Starr Property, which is located in the United States, Bermuda and the Philippines and is legally owned by Starr International. The Starr Property in AIG's unlawful possession – some of which AIG concedes is owned by Starr International – includes stock

4

certificates, keys to safe deposit boxes, valuable artwork, and financial instruments including original stock certificates.

19. AIG has no lawful claim to possession or ownership of the Starr Property and has not asserted any ownership rights to the Starr Property.

20. AIG is not party to any contract, trust or other relationship that would entitle it to possession or ownership of the Starr Property.

21. Starr International is entitled to the immediate return of the Starr Property.

22. Starr International has made repeated requests of AIG to return the Starr Property to Starr International, but AIG has failed to comply with those requests. To the extent that any Starr Property in Bermuda is in the possession of AIG affiliate American International Company, Ltd., ("AICO"), AIG is directing AICO to hold such property and to refuse to return it to Starr International, the lawful owner of the Starr Property.

23. AIG's unlawful actions have caused damage to Starr International by obstructing Starr International's use and enjoyment of the Starr Property, as well as by hindering Starr International's ability to operate its business.

## COUNT I

### (Replevin)

24. Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

25. Starr International owns an extensive art collection that is maintained in AIG buildings, which collection is valued at over $15,000,000. AIG maintains a photographic inventory of certain of the Starr International art collection, and AIG records identify the collection as belonging to Starr International.

26. Representatives of Starr International have made repeated demands for the immediate release of the Starr Property, including its art collection, which is maintained in AIG buildings.

27. AIG has, without authority, intentionally exercised control over the Starr Property and has interfered with its rights of possession by refusing to release the Starr Property to Starr International.

28. As a result of AIG's wrongful actions, Starr International is entitled to an order directing AIG to immediately release to Starr International the Starr Property rightfully belonging to Starr International.

29. As a result of AIG's wrongful actions, AIG is liable to Starr International for the value of the wrongfully withheld Starr Property.

30. Starr International has been deprived of the right to the use and enjoyment of the Starr Property as a result of AIG's unlawful actions, and has been otherwise damaged thereby.

## COUNT II

### (Conversion)

31. Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

32. Starr International owns an extensive art collection that is maintained in AIG buildings, which collection is valued at over $15,000,000. AIG maintains a photographic inventory of certain of the Starr International art collection, and AIG records identify the collection as belonging to Starr International.

33. Representatives of Starr International have made repeated demands for the immediate release of the Starr Property, including its art collection, which is maintained in AIG buildings.

34. AIG has, without authority, intentionally exercised control over the Starr Property and has interfered with its rights of possession by refusing to release the Starr Property to Starr International.

35. As a result of AIG's conversion, Starr International is entitled to an order directing AIG to immediately release to Starr International the Starr Property rightfully belonging to Starr International.

36. As a result of AIG's conversion, AIG is liable to Starr International for the value of the converted Starr Property.

37. Starr International has been deprived of the right to the use and enjoyment of the Starr Property as a result of AIG's unlawful actions, and has been otherwise damaged thereby.

## Prayer for Relief

WHEREFORE, plaintiff Starr International demands judgment against defendant AIG as follows:

- (a) Directing AIG immediately to release to Starr International the property indisputably owned by Starr International;

- (b) Awarding Starr International actual and consequential damages in an amount to be established at trial, together with punitive or exemplary damages under applicable law, as a result of the allegations alleged herein as established at trial;

- (c) Awarding Starr International interest on any award of actual damages at the rates prescribed by applicable law;

- (d) Awarding Starr International its costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

- (e) Awarding Starr International such other and further relief as may be just and proper under the circumstances.

## Jury Demand

Plaintiff demands a jury trial in this action.

July 8, 2005                                        Respectfully Submitted,

                                                    STARR INTERNATIONAL COMPANY, INC.


                                                    By: *Nicholas A. Gravante, Jr.*
                                                    Nicholas A. Gravante, Jr. [NAG-4411]
                                                    Steven I. Froot [SF-7662]
                                                    Marianne Fogarty [MF-0117]
                                                    Christopher Duffy [CD-2381]
                                                    Dawn Smalls [DS-6862]
                                                    BOIES, SCHILLER & FLEXNER LLP
                                                    570 Lexington Avenue
                                                    New York, New York 10022
                                                    (212) 446-2300

                                                    BOIES, SCHILLER & FLEXNER LLP
                                                    David Boies [DB-4399]
                                                    333 Main Street
                                                    Armonk, New York 10504
                                                    (914) 749-8200

                                                    MORVILLO, ABRAMOWITZ, GRAND, IASON & SILBERBERG, P.C.
                                                    Robert G. Morvillo [RM-3132]
                                                    565 Fifth Avenue
                                                    New York, New York 10017
                                                    (212) 856-9494

                                                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                                                    George A. Zimmerman [GZ-6129]
                                                    Four Times Square
                                                    New York, New York 10036
                                                    (212) 735-3000